IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LOUISE JACKSON,

    Plaintiff,

    v.

NATIONAL CREDIT ADJUSTERS,
L.L.C., ET AL.,

    Defendants.

CIVIL ACTION NO. 3:08-CV-0480

(JUDGE CAPUTO)

## MEMORANDUM

This action under the U.S. Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, et seq. was settled, and the matter of Plaintiff's attorney's fees is before me.

## DISCUSSION

The initial estimate of the appropriate fee "is properly calculated by multiplying the number of hours reasonably expended on litigation times a reasonable hourly rate." *Blum v. Stetson*, 465 U.S. 886, 888 (1984). This amount is known as the "lodestar" figure, which is presumed to be the reasonable fee, but may require subsequent adjustment. *Hahnemann Univ. Hosp. v. All Shore, Inc.*, 514 F.3d 300, 310 (3d Cir. 2008).

In calculating the reasonable rate, the Court looks to the prevailing market rates in the relevant community. *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001). The Court should consider the experience and skill of the prevailing party's attorney, and compare the rates to those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001). The prevailing party bears the burden of demonstrating that the requested hourly rates are reasonable. *Id.* However, where "the plaintiff has met his prima

facie burden under the community market rate lodestar test, and the opposing party has not produced contradictory evidence, the district court may not exercise its discretion to adjust the requested rate downward." *Ridley v. Costco Wholesale Corp.*, 217 Fed. Appx. 130, 139 (3d Cir. 2007) (quoting *Washington v. Phila. County Ct. Com. Pl.*, 89 F.3d 1031, 1036 (3d Cir. 1996)).

The parties have agreed that $250.00 is a reasonable hourly rate for Plaintiff's counsel. The sole issue remaining is the reasonableness of the counsel fees to be awarded to the Plaintiff. Plaintiff seeks $8,125.00 in fees (32.50 hours x $250.00) and $666.99 in costs. There is no dispute about the costs; they will be awarded. The $8,125.00 reflects downward adjustments to the claimed fees previously negotiated between the parties.

The Court has reviewed the very detailed time records of Plaintiff's counsel, and makes the following adjustments.

There are two entries on September 18, 2007 which involve the contract between counsel and the Plaintiff. They total $50.00. In the Court's view, this is a cost of running a practice, and the time for same should not be the responsibility of the adverse party. The same can be said regarding the entries for October 2, 2007 and December 4, 2008, which involved counsel's admission to this Court. These entries total $75.00.

On February 4, 2008, counsel had a conference with another member of his firm regarding the issue of probable cause. Each participant billed $125.00. The Court would adjust this by one-half, but counsel has already done so, and it is reflected in the total fees sought. No further adjustments will be made. A similar analysis applies to the February 5, 2008 entry concerning a second draft of the complaint. The original billing was $250.00, but counsel voluntarily reduced it by $125.00. Again, no further adjustment is warranted on this entry.

2

On February 27, 2008, there were entries regarding a redraft (fourth) of the Complaint and a conference with another member of the firm. The total is $300.00. While inter-office conferences are often necessary and benefit clients, the Court deems it appropriate to reduce this by $75.00.

On April 4, 2008, there were three entries regarding filing a disclosure statement. Billing reflected $75.00. This was voluntarily reduced by Plaintiff to the amount of $50.00. The Court is in agreement with the adjustment.

On May 15, 2008, there were five entries concerning the waiver of service for total fees of $200.00. Plaintiff voluntarily reduced the entry by $100.00. Again, the Court is in agreement with this adjustment.

On August 5, 2008, there is an entry of $175.00 for a client conference regarding confidentiality proposed by Defendants. This was voluntarily reduced by $50.00. The Court agrees with this adjustment.

The foregoing concerns matters expressly noted by the Defendants. (See Doc. 18, p. 2.) There were other entries noted there as well. The Court finds no adjustment is appropriate to the other entries listed on page 2 of Document 18.

On October 13, 2008, counsel again conferred with another member of his firm. This time regarding settlement recommendations. The total entry is $200.00. Given counsel's experience, and the lack of complexity of the case, it is appropriate to reduce this entry by $100.00.

On October 19, 2008, counsel seeks fees for travel to court in Wilkes-Barre, Pennsylvania from Vorhees, New Jersey. Travel each way was charged at full rates (although split because there were two conferences before the Court on two distinct cases) totaling $325.00 each way, for a total of $650.00. It is the Court's view that travel should be

at a reduced rate and fifty percent is considered fair by the Court. Therefore, travel on October 19, 2008 will be reduced by $325.00.

In addition to the foregoing, considering the result achieved and the necessity that allowable fees reflect a value of service to the client that would be expected in litigation involving greater sums of money, it is the Court's view that $7,500.00 is a fair and reasonable fee in this case.

Therefore Plaintiff will be awarded $7,500.00 in fees and $666.99 in costs for a total of $8,166.99.

An appropriate Order follows.

Date: Febuy 13, 2009

A. Richard Caputo
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LOUISE JACKSON,

    Plaintiff,

    v.

NATIONAL CREDIT ADJUSTERS,
L.L.C., ET AL.,

    Defendants.

CIVIL ACTION NO. 3:08-CV-0480

(JUDGE CAPUTO)

## ORDER

**NOW**, this 13TH day of February, 2009, **IT IS HEREBY ORDERED** that

Plaintiff is awarded $7,500.00 in fees and $666.99 in costs for a total of $8,166.99.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge